IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRACY KEITH, )
 )
        Plaintiff, )
 )
v. ) Case No. 11-2281-KHV
 )
ROGER WERHOLTZ, et al., )
 )
        Defendants. )

## **REPORT AND RECOMMENDATION**

      This is a lawsuit under 28 U.S.C. §§ 1983 and 1988 by Tracy Keith against certain Topeka Correctional Facility employees. Keith, who was previously incarcerated at the facility, alleges that the defendants generally permitted instances of undue familiarity and sexual misconduct by staff members at the facility, with specific reference to a sexual assault against Keith that occurred on October 2, 2007. The parties agree the statute of limitations on Keith's claims is two years and that Keith's cause of action accrued in October 2007. However, Keith argues that the statute of limitations was tolled under Kansas law and did not expire until one year after her incarceration ended. Keith filed this lawsuit on May 17, 2011, which is just shy of one year after her release from incarceration.[1]

---

      [1]Keith was released on May 18, 2010. The complaint in this case was filed on May 17, 2011. *See* doc. 25 at 5 and doc. 1.

1

On March 28, 2012, the presiding U.S. District Judge, Kathryn H. Vratil, issued a memorandum and order that granted in part a motion to dismiss filed by some of the defendants.[2] Defendant Ananstacio Gallardo did not join in the motion to dismiss, but all other defendants claimed that Keith's case was filed outside the statute of limitations and that they were entitled to qualified immunity.  Judge Vratil rejected the statute-of-limitations grounds, finding that Keith had "asserted sufficient facts to justify applying the tolling provision [of K.S.A. 60-515] to survive a motion to dismiss."  Judge Vratil did, however, dismiss Keith's claims against defendants Roger Werholtz, William Cummings, Joseph Essman, and Mark Robertson on qualified-immunity grounds.  Judge Vratil denied the motion on both grounds as to defendant Richard Koerner.  Thus, the only defendants remaining in the case are Koerner and Gallardo.[3]

Koerner has now filed a motion for an interlocutory order certifying for immediate appeal the portion of the memorandum and order rejecting the statute-of-limitations argument.[4]  Because orders denying motions to dismiss generally are not appealable,[5] Koerner has requested that the court certify for immediate appeal Judge Vratil's ruling that Keith had sufficiently pleaded facts regarding the tolling of the statute of limitations

---

[2]Doc. 25.

[3]Gallardo has yet to make an appearance in this lawsuit.

[4]Koerner has already appealed the denial of his qualified-immunity defense. *See* doc. 30; *see also* doc. 27.

[5]*See, e.g.*, *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1147 (10th Cir. 2011) ("[O]rders denying motions to dismiss typically are not immediately appealable to this court . . . .").

2

under K.S.A. 60-515 for purposes of surviving a motion to dismiss.  K.S.A. 60-515 provides for the tolling of the statute of limitations in this case if Keith establishes that she was denied access to the courts during her incarceration.  Judge Vratil has referred Koerner's motion for an interlocutory order to the undersigned U.S. Magistrate Judge.  Because the authority to certify an interlocutory order for immediate appeal is given to the "district judge" under 28 U.S.C. § 1292(b), the undersigned hereby enters these conclusions as a report and recommendation.[6]

Under 28 U.S.C. § 1292(b), a district judge may state in a written opinion that a matter not otherwise appealable "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ."  If the district court so concludes, then the Court of Appeals may, in its discretion, allow an immediate appeal to be taken on the issue.  The statute thus confers "first line discretion" on the district court regarding whether an interlocutory appeal may be made.[7]

Three elements must be satisfied for an order to be recommended for interlocutory appeal.  First, it must involve a controlling question of law.  Second, there must be

---

[6]*See also Vitols v. Citizens Banking Co.*, 984 F.2d 168, 169–70 (6th Cir. 1993) ("We hold that a magistrate judge, acting pursuant to a reference under [28 U.S.C.] § 636(b)(1) or (3), has no authority to issue a dispositive ruling on a motion to certify a district court order for interlocutory appeal under § 1292(b).").

[7]*Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995); *see also Tri-State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*, 874 F.2d 1346, 1368–69 (10th Cir. 1989) (stating that it is within the district court's discretion to certify an interlocutory appeal).

substantial grounds for a difference of opinion on that question of law. And third, an immediate appeal should materially advance the ultimate termination of the litigation.[8] "Certification under § 1292(b) is limited to cases involving exceptional circumstances."[9] It is the burden of the party seeking the interlocutory appeal to demonstrate that such exceptional circumstances exist.[10]

Koerner argues that he "can easily satisfy all three elements" to justify an interlocutory appeal of Judge Vratil's ruling regarding the tolling of the statute of limitations. Judge Vratil's order was in the context of a motion to dismiss, and the issue was whether Keith had asserted sufficient facts that could justify the tolling of the statute of limitations under K.S.A. 60-515.[11] Judge Vratil concluded:

> Here, plaintiff has alleged that threats by defendants—specifically Gallardo—prevented her from accessing the courts during her confinement. In the Court's view, and drawing on its judicial experience and common sense, plaintiff has asserted sufficient facts to justify applying the tolling provision to survive a motion to dismiss. . . . Defendants present facts which purport to contradict plaintiff's allegations, but in deciding a motion

---

[8] *Fretz v. Keltner*, 109 F.R.D. 303, 308 (D. Kan. 1985).

[9] *Id.* (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474–76 (1978)); *see also Coffeyville Res. Refining & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1268 (D. Kan. 2010) ("There is a strong policy opposing piecemeal litigation and the delay and disruption associated with it.").

[10] *In re American Freight Sys. Inc.*, 194 B.R. 659, 661–62 (D. Kan. 1996) (discussing a request to appeal an interlocutory bankruptcy order and looking to the standards governing appeals under 28 U.S.C. § 1292(b)).

[11] Doc. 25 at 10.

to dismiss the Court cannot make credibility determinations about plaintiff's subjective state of mind.[12]

Koerner argues there is a "substantial ground for a difference concerning the ruling," although he acknowledges in almost the same breath that there appears to be no caselaw on this issue with similar facts in the Tenth Circuit or any other Circuit. Thus, it's unclear what that ground would be.

Koerner frames this issue as one regarding the propriety of Judge Vratil's alleged "interpretation of K.S.A. 60-515 based upon a Plaintiff's subjective view as to whether they had access to court." But even though he acknowledges that factual disputes raised in the context of a motion to dismiss are resolved in the plaintiff's favor, the only argument Koerner makes is that the facts set forth by him—those that suggest Keith was *not* denied access to the courts—are more persuasive than those pleaded by Keith, which suggest that she *was* denied access to the courts. Koerner characterizes his evidence as "uncontroverted," but clearly, Keith does controvert it, as she pleaded facts suggesting the opposite. Thus, the only "substantial ground for difference of opinion" is with regard to whose evidence should be believed. This is not a controlling question of law, as required by 28 U.S.C. § 1292(b)—it is a controlling question of fact. Accordingly, Koerner has not carried his burden of establishing that certification of an interlocutory appeal on this issue is warranted.

---

[12]*Id.* Judge Vratil also rejected an argument in defendants' motion to dismiss that duress was not a viable reason for tolling the statute of limitations. Doc. 25 at 10–11. Koerner does not address this issue or raise it as a basis for an interlocutory appeal.

Based on this report, the undersigned hereby recommends that Koerner's motion for an interlocutory order be denied. The parties are hereby informed that, within 14 days after a party is served with a copy of this report and recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. A party must file any objections within the 14-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

Dated June 12, 2012, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge
