## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **TRACY KEITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| **v.** | ) | **No. 11-2281-KHV** |
| | ) | |
| **ROGER WERHOLTZ, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

Under 42 U.S.C. §§ 1983 and 1988, Tracy Keith brings suit against Topeka Correctional Facility ("TCF") employees Roger Werholtz, Richard Koerner, William Cummings, Joseph P. Essman, Mark Robertson and Ananstacio Gallardo, alleging violation of the Eighth Amendment.[1] This matter comes before the Court on Defendant's Objections To Magistrate Report And Recommendation (Doc. #39) filed June 25, 2012. For reasons stated below, the Court overrules the objections.

### Legal Standards

Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A). The Court does not conduct a de novo review; rather, it applies a deferential standard under which the moving party must show that the magistrate judge order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see Burton v. R.J. Reynolds Tobacco Co., 177 F.R.D. 491, 494 (D. Kan. 1997). The Court is required to affirm the

---

[1]    Gallardo has not appeared in the lawsuit. On January 4, 2012, the Clerk entered default against him. Clerk's Entry Of Default As To Defendant Ananstacio Gallardo (Doc. #17).

magistrate judge order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed." <u>Ocelot Oil Corp. v. Sparrow Indus.</u>, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting <u>United States v. U.S. Gypsum Co.</u>, 333 U.S. 364, 395 (1948)); <u>see</u> <u>Smith v. MCI Telecomm. Corp.</u>, 137 F.R.D. 25, 27 (D. Kan. 1991) (district court will generally defer to magistrate judge and overrule only if discretion clearly abused).

## **Procedural Background**

On May 17, 2011, plaintiff filed her complaint in this case alleging violation of the Eighth Amendment. <u>Complaint</u> (Doc. #1). Specifically, plaintiff alleges that on October 2, 2007, while she was incarcerated at TCF, Gallardo forced her to have sex. She alleges that prior to that date, the other defendants created and allowed a custom/policy/practice/culture of sexual misconduct at TCF which put plaintiff and other inmates at substantial risk of harm, failed to take reasonable measures to abate the culture of sexual misconduct and were deliberately indifferent to this substantial risk of harm. Plaintiff alleges that during her incarceration, she was prevented access to the courts by the following:

> (a) repeated instruction/orders from employees of the Kansas Department of Corrections ["KDOC"] (and thereby subordinates to the defendants herein) that she was not to speak with anyone about the events at issue and not to disclose anything about the events at issue to anyone, and
> (b) defendant Gallardo's indication to her that he would kill anyone responsible for the details described herein being disclosed such that his wife would learn about it, and
> (c) the overall atmosphere of intimidation during the time that plaintiff was an inmate.

<u>Id.</u> ¶ 15.

On July 15, 2011, defendants Werholtz, Koerner, Cummings, Essman and Robertson filed a motion to dismiss arguing that (1) plaintiff did not allege facts sufficient to overcome qualified

immunity and (2) her claims are time-barred.  <u>Motion To Dismiss Plaintiff's Complaint</u> (Doc. #7).

Defendants asserted that the two-year statute of limitations in K.S.A. § 60-513 applies and that

plaintiff did not allege facts sufficient to support tolling under K.S.A. § 60-515(a).[2]  <u>Memorandum</u>

<u>In Support Of Motion To Dismiss Plaintiff's Complaint</u> (Doc. #8) filed July 15, 2011 at 8-9.  First,

defendants asserted that plaintiff's allegation that KDOC staff directed her not to speak about the

incident is irreconcilable with allegations elsewhere in the complaint that the matter was turned over

Topeka police and the Shawnee County district attorney's office for prosecution, which resulted in

a guilty plea by Gallardo in June of 2008.  <u>Id.</u> at 10 (citing <u>Complaint</u> (Doc. #1) ¶ 36).  Defendants

asserted that at least by June of 2008, plaintiff was released from any KDOC prohibition about

discussing the event.  <u>Id.</u> at 10-11.  Second, defendants asserted that as of June of 2008, any threat

by Gallardo did not bar plaintiff's access to the courts because acts were then well documented and

presumably known to his wife.  <u>Id.</u> at 11.  Third, defendants asserted that plaintiff's unspecific

allegation of an "overall atmosphere of intimidation" is refuted by the fact that she spoke to a

---

[2]      Section 60-515(a) states as follows:

Effect. Except as provided in K.S.A. 60-523, if any person entitled to bring an action, other than for the recovery of real property or a penalty or a forfeiture, at the time the cause of action accrued or at any time during the period the statute of limitations is running, is less than 18 years of age, an incapacitated person or imprisoned for a term less than such person's natural life, such person shall be entitled to bring such action within one year after the person's disability is removed, except that no such action shall be commenced by or on behalf of any person under the disability more than eight years after the time of the act giving rise to the cause of action.

Notwithstanding the foregoing provision, if a person imprisoned for any term has access to the court for purposes of bringing an action, such person shall not be deemed to be under legal disability.

K.S.A. § 60-515(a).

newspaper reporter about the incident in the fall of 2009. Id. at 12 (citing Tim Carpenter, Women's prison: Sex trade, Topeka Capital-Journal, October 3, 2009, http://cjonline.com/news/state/2009-10-03/womens_prison_sex_trade).[3]

On March 28, 2012, the Court sustained in part defendants' motion to dismiss. Memorandum and Order (Doc. #25).  As to qualified immunity, the Court sustained the motion as to plaintiff's claims against Werholtz, Cummings, Essman and Robertson, but overruled it as to plaintiff's claims against Gallardo and Koerner.  Id. at 11-13.  As to the statute of limitations, the Court overruled the motion.  Specifically, the Court found that plaintiff alleged facts which, taken as true, were sufficient to toll the statute of limitations under K.S.A. § 60-515.  The Court stated as follows:

> Here, plaintiff has alleged that threats by defendants – specifically Gallardo – prevented her from accessing the courts during her confinement.  In the Court's view, and drawing on its judicial experience and common sense, plaintiff has asserted sufficient facts to justify applying the tolling provision to survive a motion to dismiss. See Rogers v. Garcia, No. 08-cv-02821-WYD-MJW, 2010 WL 3547432, at *3-6 (D. Colo. Sept. 3, 2010) (collecting cases).  Defendants present facts which purport to contradict plaintiff's allegations, but in deciding a motion to dismiss the Court cannot make credibility determinations about plaintiff's subjective state of mind.

Memorandum and Order (Doc. #25) at 10.

On April 2, 2012, Koerner filed a motion asking the Court to certify the statute of limitations ruling for an interlocutory appeal under 28 U.S.C. § 1292(b).[4]  Motion For Interlocutory Order

---

[3]     Plaintiff's complaint references the newspaper article.  Complaint (Doc. #1) ¶ 33(p); ¶ 34(a) and (b).

[4]     Section 1292(b) states as follows:

When a district judge, in making in a civil action an order not otherwise appealable
(continued...)

(Doc. #28) filed April 2, 2012.  Defendant asserts that the Court based its ruling solely on plaintiff's subjective state of mind when uncontroverted evidence shows that prison staff granted plaintiff permission to speak with her attorney which resulted in publication of a newspaper article on October 3, 2009 involving the substance of plaintiff's claims.  Id. at 1-3.  According to defendant, this evidence shows that plaintiff's subjective opinion is unsubstantiated.  Id. at 3.  The Court referred defendant's motion for certification to Magistrate Judge James P. O'Hara, for a report and recommendation under 28 U.S.C. § 636(b)(1).  Order Referring Motion (Doc. #37) filed May 31, 2012.

On June 12, 2012, Judge O'Hara recommended that the Court overrule the motion.  Report And Recommendation (Doc. #38).  Judge O'Hara found that defendant's only argument was that the facts set forth by him, i.e those facts which suggest that plaintiff was not denied access to the courts, are more persuasive than plaintiff's claim that she *was* denied access to the courts.  Id. at 6. Judge O'Hara found that the matter involved a question of fact which, on a motion to dismiss, must be resolved in favor of plaintiff.  Id.  Judge O'Hara concluded that because the matter did not involve a controlling issue of law, defendant had not shown that certification of an interlocutory

---

[4](...continued)
under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

appeal under Section 1292(b) was appropriate.  Id. at 4-6.

On June 25, 2012, Koerner filed an objection to Judge O'Hara's report and recommendation.

Defendant's Objections To Magistrate Report And Recommendation (Doc. #39).

## **Analysis**

Defendant objects to the magistrate judge recommendation, stating that he appreciates the opportunity to "clarify his arguments."  Id. at 1.  Although his argument is difficult to follow, defendant apparently contends that in overruling his motion to dismiss based on the statute of limitations, the Court applied a novel theory which considered only plaintiff's subjective view in determining whether she had access to the courts during the statutory filing time.  Id. at 2. Defendant is mistaken.  In finding that plaintiff had alleged facts sufficient to toll the limitations period, the Court looked to allegations in plaintiff's complaint and applied well-settled legal standards regarding motions to dismiss.

Plaintiff's complaint alleges that during her incarceration, the following prevented her from accessing the courts:

> (a) repeated instruction/orders from employees of the Kansas Department of Corrections (and thereby subordinates to the defendants herein) that she was not to speak with anyone about the events at issue and not to disclose anything about the events at issue to anyone, and
> (b) defendant Gallardo's indication to her that he would kill anyone responsible for the details described herein being disclosed such that his wife would learn about it, and
> (c) the overall atmosphere of intimidation during the time that plaintiff was an inmate.

Complaint (Doc. #1) filed May 17, 2011.  Accepting these factual allegations as true, they plausibly give rise to an entitlement of relief.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

Defendant asserts that uncontroverted facts establish that plaintiff did have access to the

courts. <u>Defendant's Objections To Magistrate Report And Recommendation</u> (Doc. #39) at 2. Specifically, defendant points to a newspaper article published on October 3, 2009, which he contends shows that plaintiff had an attorney at that time and therefore had access to the courts and was not under duress.[5] <u>Id.</u> at 3. The record on the motion to dismiss, however, is not sufficiently developed in this regard. Moreover, in ruling on a motion to dismiss, the Court must accept as true plaintiff's plausible factual allegations. At most, defendant challenges whether the Court correctly did so. The Court wholeheartedly agrees with Judge O'Hara that defendant's argument involves a factual dispute and that certification of an interlocutory appeal under Section 1292(b) is inappropriate. <u>Id.</u> at 4-6.

**IT IS THEREFORE ORDERED** that the Court hereby adopts the magistrate judge's <u>Report And Recommendation</u> (Doc. #38) filed June 12, 2012.

**IT IS FURTHER ORDERED** that defendant's <u>Motion For Interlocutory Order</u> (Doc. #28) filed April 2, 2012 be and hereby is **OVERRULED.**

---

[5]    With respect to the alleged representation, defendant states as follows:

Plaintiff was likely aware that the publication of the article caused the Kansas Department of Corrections to file an ethics complaint against her attorney at the time, Keen Umbehr. The ethics complaint was resolved, but the matter remains part of the public domain because Mr. Umbehr has, in turn, filed an ethics complaint against the Disciplinary Administrator. As part of this well-publicized dispute, Mr. Umbehr has published statements concerning his representation of Plaintiff and copies of the visitors log at TCF that clearly listed him as the attorney for Plaintiff and one other inmate. [<u>See</u> http://www.abajournal.com/files/Formal_Complaint_Against_Kansas_Disciplinary_Administrator_Stanton_A._Hazlett_.pdf.    The statement of representation is on page 23 and copy of the visitor log is on page 59.] Mr. Umbehr has affirmatively stated that he "entered into a legal representation contract with Tracy Keith" on July 30, 2009. He was allowed to visit Plaintiff in prison on August 10, 2009 by virtue of that representation.

<u>Id.</u> at 3.

Dated this 11th day of October, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge